IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| AMERICAN FIDELITY LIFE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>vs.<br><br>INTERSTATE FIRE & CASUALTY COMPANY; INDEPENDENT SPECIALTY INSURANCE COPMANY; AND CERTAIN UNDERWRTIERS AT LLOYD'S LONDON,<br><br>    Defendant. | Case No.: _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants, Interstate Fire & Casualty Company ("IFC"), Independent Specialty Insurance Company ("ISIC"), and Certain Underwriters at Lloyds, London (Consortium 9226) ("Underwriters") (collectively, Insurers"), remove the above-captioned matter to this Court from the Circuit Court of the First Judicial Circuit of Florida, stating as follows:

## THE STATE COURT ACTION

1. On July 28, 2023, Plaintiff, American Fidelity Life Insurance Company ("Plaintiff") filed a complaint against Insurers in the Circuit Court of the 1st Judicial Circuit in and for Escambia County, Florida, Case No. 2023-CA-002248 (the "State Court Action") seeking to recover insurance benefits for property damage allegedly sustained on September 16, 2020 ("the Loss").

2. A copy of Plaintiff's Complaint was served on IFC on September 19, 2023.

3. A copy of Plaintiff's Complaint was served on Underwriters on September 19, 2023.

4. A copy of Plaintiff's Complaint was served on ISIC on September 19, 2023.

5. In accordance with 28 U.S.C. § 1446 (a), true and correct copies of all process, pleadings and orders filed in the State Court Action are attached hereto as **Composite Exhibit "A"**.

6. Upon information and belief, at all times material, including at the time the case was filed and at the time of removal, Plaintiff is and has been a Florida for profit corporation with a principal place of business located at 500 South Palafox Street, Suite 200 Pensacola, FL 32502.  Plaintiff is therefore a citizen of the State of

Florida for jurisdictional purposes. *See* Complaint at ¶ 2, **Composite Exhibit "A"** and American Fidelity Life Insurance Company's 2023 Annual Report filed with the Florida Department of Corporations as **Exhibit "B"**.

7. Furthermore, the State Court Action concerns real property located in the State of Florida. *See* Complaint at ¶ 12, **Composite Exhibit "A"**.

8. At all times material, including at the time the case was filed and at the time of removal, Defendant, IFC, is and has been an Illinois corporation with its principal place of business in Illinois. IFC is therefore a citizen of the State of Illinois for jurisdictional purposes. 28 U.S.C. § 1332 (c)(1).

9. At all times material, including at the time the case was filed and at the time of removal, Defendant, ISIC is and has been a Delaware corporation with its principal place of business in Texas. ISIC is therefore a citizen of the State of Texas and Delaware for jurisdictional purposes. 28 U.S.C. § 1332 (c)(1).

10. As this Court is aware, the citizenship of Underwriters is more complex. Underwriters refer to an unincorporated association of members that insure risks through the Lloyds of London insurance market. These members often subscribe to risks through syndicates, which are administrative entities. *Underwriters at Lloyd's, London v. Osting-Schwinn, 613 F.3d 1079 (11th Cir. 2010).* The members subscribing to the Policy are the members of Consortium #9226. Consortium #9226

is composed of members subscribing through Syndicate 2357 and Syndicate 1458. The following members subscribed to the Policy through these syndicates:

    a. Nephila 2357 Ltd. ("Nephila Ltd."), which is the sole member that subscribed to the Policy through Syndicate 2357; and

    b. RenaissanceRe Corporate Capital (UK) Limited ("RenRe Ltd."), which is the sole member that subscribed to the Policy through Syndicate 1458.

11. Nephila Ltd's participation in the Consortium is 76.19 percent while RenRe Ltd's participation is 23.81 percent.

12. Nephila Ltd. and RenRe Ltd. are foreign corporate entities. Specifically:

    a. Nephila Ltd. is a limited company incorporated under the Laws of England and Wales with its principal place of business in Bermuda. Nephila Ltd.'s articles of incorporation are attached as **Exhibit "C".**

    b. RenRe Ltd is incorporated under the Laws of England and Wales with its principal place of business in England. RenRe Ltd.'s articles of incorporation are attached as **Exhibit "D".**

13. As a private limited corporation, they are treated as corporations for diversity purposes. *Simon Holdings PLC Group of Companies U.K. v. Klenz*, 878

F. Supp. 210, 211 (M.D. Fla. 1995) (treating a private limited company "incorporated under the laws of the United Kingdom" as a corporation for diversity and subject matter jurisdiction purposes pursuant to a determination under 28 U.S.C. § 1332).

14. The complaint does not seek a sum certain. It merely alleges that "This is an action for damages in excess of $50,000." *See* Complaint at ¶ 1, **Composite Exhibit "A"**.

15. However, before filing its Complaint, Plaintiff posted three individual Notices of Intent to Initiate Litigation ("Notices") with the Florida Department of Financial Services on October 6, 2022.

16. These Notices provided Endurance with Plaintiff's presuit settlement demand of $22,927,571.00. Plaintiff's Notices are attached as **Exhibit "E"**, **Exhibit "F"**, and **Exhibit "G"**.

## II.     REMOVAL STANDARD BASED ON DIVERSITY

17. Removal is appropriate upon a showing that there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest, costs and attorney's fees. 28 U.S.C. § 1332.

18. Where removal is sought on the basis of jurisdiction conferred by 28 U.S.C § 1332, the amount in controversy is the sum identified in the initial pleading,

except where the state practice permits recovery of damages in excess of the amount demanded. 28 U.S.C. § 1446 (c)(2)(A).

19. Where the state practice either does not permit or demand a specific sum or permits recovery of damages in excess of the amount demand in the initial pleading, removal is proper where the Court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1446 (c)(2)(B). Such is the case here based upon Plaintiff's Notices. *See* **Exhibit "E"**, **Exhibit "F"**, and **Exhibit "G".**

20. The notice of removal shall be filed within 30 days after the defendant received an initial pleading. 28 U.S.C. § 1446 (b).

### III.   REMOVAL IS TIMELY AND PROPER

13. As shown above, there is a complete diversity of citizenship, and there has been at all times from the date the Complaint was filed through the present.

14. Where a complaint alleges that damages exceed a Florida circuit court's jurisdictional minimum of $50,000.00, removal is appropriate upon a showing by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, exclusive of interests and costs. *See, generally, Village Square Condominium of Orlando, Inc. v. Nationwide Mut. Fire Ins. Co.,* No. 6:09-cv-1711-Orl-31DAB, 2009 WL 4855700, at 2 (M.D. Fla. Dec. 10, 2009).

15. Plaintiff has alleged damages in excess of $62,000,000. Federal Courts throughout Florida have accepted Notice of Intent to Initiate Litigation's claimed damages as evidence of the amount in controversy. *See, e.g., Fakhoury v. Fed. Ins. Co.*, No. 5:22-CV-447-JSM-PRL, 2022 WL 16831565 (M.D. Fla. Nov. 9, 2022); *Viamontes v. Scottsdale Ins. Co.*, No. 21-23864-CIV, 2021 WL 10192451 (S.D. Fla. Dec. 13, 2021).

16. Insurers participate in the fourth excess layer under policies bound by Velocity Risk Underwriting ("VRU") bearing account number: 020-9002387-01. The VRU Policy provides $5,000,000 part of $25,000,000 in excess of $50,000,000, which represents the available limits of insurance against these defendants.

17. The participation in the risk by each individual insurer is found in the Policy's Allocation Endorsement which provides the following: 52 percent – IFC; 32 percent – Underwriters; and 16 percent – ISIC.

18. As such, and based on Plaintiff's presuit settlement demand, the amount claimed against each Insurer is as follows:

    a. IFC: $11,922,336.90.

    b. Underwriters:

        i. Nephila Ltd: $5,589,741.81.

        ii. RenRe Ltd: $1,747,080.93.

    **c.** ISIC: $3,668,411.36.

19. Accordingly, the damages claimed by Plaintiff are well in excess of the $75,000.00 jurisdictional threshold, exclusive of interest and costs.

20. This Notice of Removal is filed within 30 days of September 19, 2022 and is therefore timely. 28 U.S.C. § 1446 (c).

21. As the Notice of Removal was filed within 30 days, involves a controversy in excess of $75,000.00, and there is complete diversity of citizenship of the parties, removal is proper.

22. Pursuant to 28 U.S.C. 28 U.S.C. § 1446 (d), written notice of the removal of this action will be promptly served on the Plaintiff's counsel, and a Notice of Filing Notice of Removal is simultaneously being filed with the Clerk of the Circuit Court of the 1st Judicial Circuit in and for Escambia County, Florida.

### IV.   JURY DEMAND

21. Plaintiff demanded a jury trial in the State Court Action.

WHEREFORE, Defendants, Interstate Fire & Casualty Company, Independent Specialty Insurance Company, and Certain Underwriters at Lloyds, London (Consortium 9226), respectfully request that this Court remove the action now pending in the Circuit Court of the 1st Judicial Circuit in and for Escambia

County, Florida to the United States District Court for the Northern District of Florida pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

Respectfully submitted,

        **ZELLE LLP**
        *Counsel for Defendants*
        110 East Broward Blvd, Suite 2000
        Ft. Lauderdale, FL 33301
        Tel:  786-693-2369
        Fax:  612-336-9100

By: */s/ Christine Renella*
    **CHRISTINE M. RENELLA**
    Florida Bar No. 65485
    crenella@zellelaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 18th day of October 2023, a true and correct copy of the foregoing, filed through the Electronic Case Filing System, will be sent via email to all parties on the attached Service List.

>**ZELLE LLP**
>*Counsel for Defendants*
>110 East Broward Blvd, Suite 2000
>Ft. Lauderdale, FL 33301
>Tel: 786-693-2369
>Fax: 612-336-9100
>
>By:  */s/ Christine Renella*
>  **CHRISTINE M. RENELLA**
>  Florida Bar No. 65485
>  crenella@zellelaw.com

## SERVICE LIST

Daniel M. Ewert
FBN: 0658146
Moore, Hill, and Westmoreland, P.A.
350 West Cedar Street
Maritime Place, Suite 100
Pensacola FL 32502
Tel: (850) 434-3541
dewert@mhw-law.com
kalbini@mhw-law.com
*Counsel for Plaintiff*