# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

AMERICAN FIDELITY LIFE
INSURANCE COMPANY,

    Plaintiff,

v.                                                            Case No: 3:23-cv-24644-TKW-HTC

INTERSTATE FIRE & CASUALTY
COMPANY; INDEPENDENT
SPECIALTY INSURANCE COMPANY;
and CERTAIN UNDERWRITERS AT
LLOYDS,

    Defendants.                                    /

## AMENDED COMPLAINT

Plaintiff, American Fidelity Life Insurance Company ("AMFI") sues Defendants, Interstate Fire & Casualty Company, Independent Specialty Insurance Company, and Certain Underwriters at Lloyds (collectively, "Defendants"), and alleges:

### Background

1.    This is an action for damages in excess of $75,000.00.

2.    AMFI is a Florida for profit corporation with its principal place of business in Escambia County, Florida.

3. Interstate Fire & Casualty Company is a foreign for profit insurance company that is not registered, licensed or authorized to transact business in this state.

4. Independent Specialty Insurance Company is a foreign for profit insurance company conducting business in the State of Florida.

5. Certain Underwriters at Lloyds is a foreign for profit insurance company that is not registered, licensed or authorized to transact business in this state.

6. Defendants are subject to personal jurisdiction in Florida because they contracted to insure properties and risks located within this state and accepted premiums for such insurance contracts. As explained in more detail below, Defendants also breached their insurance contract with AMFI, further subjecting themselves to personal jurisdiction within this state.

7. As a result of Defendants' actions issuing a contract of insurance to AMFI and, upon information and belief, issuing contracts of insurance to cover other properties and risks located within this state, Defendants have purposely availed themselves of the privilege of conducting business in Florida and have engaged in substantial and not isolated activity within the state of Florida, thus providing sufficient minimum contacts with this state to satisfy due process.

8. By issuing and delivering contracts to Florida corporations, including AMFI, Defendants have consented to the Chief Financial Officer as their agent for service of process under Florida State § 626.906 and may be served with process as provided in Florida Statute § 626.907.

9. Venue is proper in this county because it is where the cause of action arose.

10. Defendants provided property and casualty excess insurance coverage to AMFI that was in full force and effect on September 16, 2020. A true and correct copy of the applicable group policy issued by Velocity Risk Underwriters is attached as Exhibit "A." The Lead Policy, issued by Everest Indemnity Insurance Company is attached as Exhibit "B."

11. The policy of insurance issued by Defendants to AMFI covered various AMFI properties and hotels, including properties and hotels in Escambia County, Florida.

12. On or about September 16, 2020, Hurricane Sally struck the area in and around Escambia County, Florida, and Baldwin County, Alabama, causing substantial damage to AMFI's structures and personal property, and causing business interruption damages and other covered damages.

13. The following covered properties sustained covered damages that are part of AMFI's claims:

- Margaritaville Beach Hotel (now Pensacola Beach Resort)
  165 Ft. Pickens Road, Pensacola Beach, FL

- Pensacola Grand Hotel & Train Depot
  200 E. Gregory Street, Pensacola, FL

- Island House Hotel
  26650 Perdido Beach Blvd, Orange Beach, AL

- Holiday Inn Express
  333 Fort Pickens Road, Pensacola Beach, FL

- Springhill Suites
  24 Via DeLuna Drive, Pensacola Beach, FL

14. AMFI promptly submitted a claim to Defendants for its losses caused by Hurricane Sally to the properties identified in paragraph 13, above.

15. Defendants have acknowledged that AMFI sustained damages from Hurricane Sally that are covered under the policy of excess insurance, but they have failed or refused to pay AMFI the full amounts owed to it on its insurance policy as required by Florida law for the covered damages sustained at the properties identified in paragraph 13 above, including damages to the structures, personal property on the listed premises, and loss of income.

16. Defendants' failure to pay AMFI the full amounts owed to it on its policy is a breach of the insurance policy and is a violation of Florida law for which AMFI has sustained damages.

17. As a result of Defendants' failure or refusal to pay AMFI the full amount owed on its claim, AMFI has been required to retain the undersigned attorneys to represent it in this action and is obligated to pay them a reasonable fee for their services.

18. All conditions precedent to the bringing of this action have occurred or have been waived.

## Count I – Breach of Contract

19. AMFI incorporates and restates Paragraphs 1-18 as if fully set forth herein.

20. AMFI sustained covered damages to its covered properties identified in paragraph 13, above, as a result of Hurricane Sally.

21. Defendants have breached the terms of the applicable lead insurance policy as well as the Velocity follow form by refusing to fully pay for AMFI's covered losses as set forth herein. Specifically, Defendants have breached Article IV, Section A of the Everest lead policy, which provides as follows: "**Perils Insured:** This policy insures against all risks of direct physical loss or damage to Insured Property…" Defendants have additionally breached the payment terms of

the Velocity follow form, including Article 1, Section C(1), which provides, in part, that "we will pay for your COVERED LOSS . . ."

22. Defendants' breaches of the policy of insurance and follow form have caused damages to AMFI.

## Jury Trial Demand

AMFI hereby demands a trial by jury on all issues so triable.

WHEREFORE, AMFI demands judgment against Defendants for damages, prejudgment interest, taxable costs, attorneys' fees under §627.428, Fla. Stat. and §626.911, Fla. Stat., and such other relief as the court deems appropriate.

*/s/ Daniel Ewert*

Daniel M. Ewert
Florida Bar Number 0658146
dewert@mhw-law.com
kalbini@mhw-law.com
MOORE, HILL & WESTMORELAND, P.A.
350 West Cedar Street
Maritime Place, Suite 100
Pensacola FL 32502
Telephone: (850) 434-3541
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a copy of the foregoing was filed electronically via the Court's E-Filing Portal on this 22nd day of November, 2023. The submission will be electronically served to all parties pursuant to Florida Rules of Judicial Administration, specifically including:

Christine M. Renella, Esq.
Zelle, LLP
110 East Broward Blvd., Ste. 2000
Ft. Lauderdale, FL 33301
crenella@zellelaw.com
*Attorney for Defendants*

_____
Daniel M. Ewert